UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM MORRIS,<br><br>     Plaintiff,<br><br>v.<br><br>SCOTT YOUNG; SNOW CHRISTENSEN &<br>MARTINEAU; and SPENCER FANE LLP,<br><br>     Defendants. | **MEMORANDUM DECISION AND<br>ORDER GRANTING [21]<br>DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 1:26-cv-00019-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendants Scott Young, Snow Christensen & Martineau ("Snow Christensen"), and Spencer Fane LLP's ("Spencer Fane") (collectively, "Defendants") Motion to Dismiss.[1] Defendants seek dismissal of all claims asserted against them by Plaintiff William Morris for failure to state a claim upon which relief may be granted. For the reasons below, the court grants the Motion.

## BACKGROUND[2]

Mr. Morris was formerly employed by Harrisville, Utah, as a city attorney, prosecutor, and part-time city administrator.[3] Mr. Morris's employment with Harrisville overlapped with his employment with the city of Marriott-Slaterville, which is located near Harrisville in Weber County.[4]

---

[1] Defs.' Mot. to Dismiss ("Mot."), ECF No. 21, filed May 13, 2026.
[2] The facts in this section are drawn from the Amended Complaint. *See* Pl.'s Am. Compl. ("Am. Compl."), ECF No. 15, filed Apr. 29, 2026. In reviewing a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the operative complaint and draw all reasonable inferences in favor of the plaintiff. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).
[3] Am. Compl. ¶¶ 22, 38, 39.
[4] *Id.* ¶ 60.

In 2020, an employee of Marriott-Slaterville was accused of sex discrimination and creating a hostile work environment ("Marriott-Slaterville Matter").[5] Mr. Morris was one of the complainants in the Marriott-Slaterville Matter.[6] The law firm of Snow Christensen was hired to investigate it.[7] Mr. Young, an attorney with Snow Christensen, conducted the investigation and prepared the formal reprimand letter ("Letter").[8] Sometime later, Harrisville hired Snow Christensen to assist in a personnel matter ("Harrisville Matter"), which overlapped in time with the Marriott-Slaterville Matter.[9]

Mr. Morris's involvement in the Marriott-Slaterville Matter became known to Michelle Tait, the mayor of Harrisville, when Mr. Young inadvertently sent an email containing the Letter to her rather than to the mayor of Marriott-Slaterville.[10] Mayor Tait allegedly confronted Mr. Morris about the sex discrimination complaint and became increasingly aggressive towards him.[11] Mayor Tait also allegedly changed her demeanor toward Mr. Morris when she learned he is gay and married to a man.[12] Meanwhile, Mr. Morris was investigating discrimination complaints from Harrisville residents against the city, Mayor Tait, and Harrisville employee Jennie Knight.[13]

In February 2022, Mayor Tait and Ms. Knight met with Mr. Morris and discussed their concerns about him.[14] Some of those concerns regarded his health since Mr. Morris had been in

---

[5] *Id.* ¶ 61.
[6] *Id.* ¶ 63.
[7] *Id.* ¶¶ 63–65.
[8] *Id.* ¶¶ 65, 69.
[9] *Id.* ¶¶ 67, 106–07.
[10] *Id.* ¶¶ 7, 69.
[11] *Id.* ¶¶ 69–70.
[12] *Id.* ¶ 52.
[13] *Id.* ¶¶ 25, 72.
[14] *Id.* ¶¶ 101, 105.

the mayor's office a few months earlier to discuss how he was managing with the long COVID symptoms he experienced.[15] Mayor Tait allegedly asked Mr. Morris to resign and endorse Ms. Knight as his replacement or Mayor Tait would reveal compromising information about him.[16] She also stated that "she had consulted with attorney Scott Young to develop a three-part plan to force [Mr. Morris's] resignation."[17] "Mayor Tait started mumbling portions of this three-prong plan that she had discussed with Scott Young, which first included asking [Mr. Morris] to resign, then escalated to his ousting."[18] Mr. Morris did not understand what she meant because, at that time, the municipal code stated that a city administrator could be terminated only by the city council.[19] Out of fear, however, Mr. Morris reluctantly agreed to resign.[20]

When Mr. Morris announced his resignation to the city council, one council member proposed that Mr. Morris and Mayor Tait try to resolve their differences.[21] But the following day, Mayor Tait gave Mr. Morris a letter of resignation and allegedly told him that if he did not immediately sign it, she would expose him at a city council meeting and have the council vote to terminate him.[22] Mr. Morris signed the letter of resignation.[23]

In early 2024, Mr. Morris filed a lawsuit in this court against Harrisville, alleging wrongful termination and numerous civil rights violations.[24] That lawsuit is still pending.[25] Two

---

[15] *Id.* ¶ 107.
[16] *Id.* ¶¶ 73, 113.
[17] *Id.* ¶ 122.
[18] *Id.* ¶ 124.
[19] *Id.* ¶ 123.
[20] *Id.* ¶ 126.
[21] *Id.* ¶ 127.
[22] *Id.* ¶¶ 162, 170, 178–79.
[23] *Id.* ¶¶ 178–79.
[24] *See* Docket for *Morris v. City of Harrisville et al*, No. 1:24-cv-00022-JNP-DBP.
[25] *Id.* It is unclear why this second case, which overlaps with the 2024 case, was filed separately.

years later, Mr. Morris initiated this action against Defendants.[26] Because the Complaint contained minimal allegations regarding Defendants, they filed a motion to dismiss it.[27] In response, Mr. Morris filed the Amended Complaint that Defendants now move to dismiss.[28]

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court will dismiss an action that fails "to state a claim upon which relief can be granted."[29] "Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[30] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[31] However, a "complaint cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[32] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[33]

---

[26] *See generally* Compl., ECF No. 1, filed Feb. 9, 2026.

[27] *See* Mot. to Dismiss, ECF No. 10, filed Apr. 15, 2026.

[28] *See generally* Am. Compl.

[29] Fed. R. Civ. P. 12(b)(6).

[30] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).

[31] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).

[32] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33] *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The court notes that Mr. Morris's discussion of the pleading standard elides reference to the plausibility requirement. *See* Opp'n 2-3. Instead, Mr. Morris contends that "Rule 8 remains a notice-pleading standard." *Id.* at 3. Not so. While fair notice absolutely is required, the federal pleading standard has required plausibility—as opposed to mere possibility—ever since the Supreme Court's decisions in *Iqbal* and *Twombly*.

## DISCUSSION

Defendants argue that Mr. Morris's causes of action for legal malpractice, breach of fiduciary duty, civil conspiracy, Section 1983 violations, tortious interference, intentional infliction of emotional distress, and negligent infliction of emotional distress should be dismissed.[34] The court first addresses the federal claims.

### I.      42 U.S.C. § 1983 Claims

Defendants seek dismissal of Mr. Morris's 42 U.S.C. § 1983 ("§ 1983") claims—for equal protection, free speech, and due process violations—because Defendants are not state actors.[35] Alternatively, Defendants argue the § 1983 claims against Defendants in their individual capacities fail because Defendants are entitled to qualified immunity, and the claims against Defendants in their official capacities fail because Mr. Morris does not sufficiently allege municipal liability.[36] In response, Mr. Morris alleges that he needs only "plausibly allege facts supporting the inference that Defendants acted in concert with state officials to accomplish their unlawful or wrongful purpose."[37]

"To survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege '(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of

---

[34] Mot. 6–30.
[35] Mot. 13–28; Defs.' Reply to Pl.'s Opp'n ("Reply") 10–13, ECF No. 25, filed June 17, 2026.
[36] Mot. 2.
[37] Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 10, ECF No. 22, filed June 3, 2026.

Columbia.'"[38] Thus, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."[39]

### A.     State Action

In *Beedle v. Wilson*, the Tenth Circuit affirmed dismissal of a § 1983 claim against attorney defendants: "Because the attorney defendants are private actors, Mr. Beedle can only state a cognizable § 1983 claim against them if he adequately alleges that these defendants conspired with the [government entity] to violate his federal civil rights."[40] The Tenth Circuit concluded that "when a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averment are insufficient.'"[41] Thus, a § 1983 conspiracy claim requires "specific facts showing an agreement and concerted action among defendants."[42]

Here, Mr. Morris's allegations fall short of showing either an agreement or concerted action among the Defendants. First, the Amended Complaint lacks "specific facts" needed to show that there was an agreement and that it was illegal.[43] Mr. Morris alleges that Mayor Tait said she "consulted with attorney Scott Young to develop a three-part plan to force [Mr. Morris's] resignation" and that this "three-prong plan" was something she "had discussed with Scott Young."[44] These facts do not demonstrate agreement, or "a meeting of the minds," between Mr. Young and Mayor Tait.[45] Similarly, these allegations are unsupported by "specific

---

[38] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (citation omitted).
[39] *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing 42 U.S.C. § 1983).
[40] *Beedle*, 422 F.3d at 1073 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).
[41] *Id.* (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).
[42] *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022); *Beedle*, 422 F.3d at 1073.
[43] *Bledsoe*, 53 F.4th at 609.
[44] Am. Compl. ¶¶ 122, 124.
[45] *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021).

facts" to show that Mr. Young made an agreement to allegedly violate Mr. Morris's civil rights.[46] Thus, without "any independent allegation of actual agreement among [the Defendants]," the allegation that he "discussed" a "three-prong plan" with Mayor Tait is insufficient to show an agreement was formed.[47]

Moreover, an agreement for § 1983 purposes must be illegal and "relate to some deprivation of a federally protected right."[48] The Amended Complaint, however, does not allege the contents of the three-part plan other than stating that it "first included asking [Mr. Morris] to retire, then escalated to his ousting."[49] Granted, the complaint provides plausible factual support for the allegation that Mr. Young "disclosed and/or utilized confidential information concerning Mr. Morris that had been learned during the Marriott-Slaterville matter."[50] Specifically, Mr. Morris states that the email Mr. Young accidentally sent to Mayor Tait contained information regarding Mr. Morris's whistleblower activities and "internal reprimand matters."[51] However, the Amended Complaint lacks factual support that Mr. Young entered into an agreement to deprive Mr. Morris of his constitutional rights.

Second, the Amended Complaint does not plausibly establish concerted action by the Defendants. Mr. Morris alleges that Mr. Young's email to Mayor Tait, which "effectively 'outed' Mr. Morris to his Harrisville employer" as a whistleblower, is the stimulus for the alleged plan to force Mr. Morris to resign.[52] Yet Mr. Young sent the email to Mayor Tait

---

[46] *Bledsoe*, 53 F.4th at 609.
[47] *Twombly*, 550 U.S. at 564.
[48] *Frasier*, 992 F.3d at 1025 (internal quotation marks omitted) (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir. 2020)).
[49] Am. Compl. ¶ 124.
[50] Opp'n 11.
[51] Am. Compl. ¶ 209.
[52] *Id.* ¶¶ 211, 218–26.

inadvertently and did so months before Mayor Tait allegedly formed the "three-prong plan."[53] Furthermore, the allegation that Mr. Young "communicated with Mayor Tait regarding Mr. Morris's employment with the city" does not suggest "concerted action" taken to advance a "common, unconstitutional goal."[54] And Mr. Morris cannot point to any authority to support his theory that mere communication by a private attorney with a city employee confers "state actor" status on that attorney.[55] Thus, the facts do not plausibly support the type of concerted action among the Defendants needed to plead a § 1983 claim.

In sum, Mr. Morris has not satisfied his burden to allege joint action with state officials for his § 1983 claim against private parties to proceed. Because the Amended Complaint does not adequately allege that Defendants acted "under color of state law," the court dismisses the § 1983 claims for failure to state a claim to relief.[56]

### B.    Qualified Immunity

Even assuming that Defendants were state actors for purposes of the § 1983 claim, Mr. Morris has not met his burden to overcome the qualified immunity defense. "When a defendant asserts qualified immunity at the motion to dismiss phase, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the [1] defendant[] plausibly violated their constitutional rights, and that [2] those rights were clearly established at the time.'"[57] And "if the plaintiff fails to satisfy either prong, a court must grant qualified immunity."[58]

---

[53] Am. Compl. ¶¶ 69–73, 209, 218–26.
[54] *Bledsoe*, 53 F.4th at 609 (quoting *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021)).
[55] Opp'n 11.
[56] *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).
[57] *Brown v. City of Tulsa*, 124 F.4th 1251, 1265 (10th Cir. 2025) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).
[58] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)).

Here, Mr. Morris has not met the "clearly established" prong. "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[59] "The plaintiff bears the burden of citing to [the court] what he thinks constitutes clearly established law."[60] And although this prong "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate."[61] Mr. Morris's response to the qualified immunity defense provides no analysis or authority to demonstrate how his factual allegations defeat the immunity defense.[62] In fact, his brief reference to qualified immunity contains no cite to any case law at all. Therefore, even if the § 1983 claims were not dismissed, Mr. Morris fails to meet his burden to overcome qualified immunity.

## C.      Municipal Liability

Similarly, even if Defendants were state actors and the § 1983 claims proceeded, Mr. Morris's official-capacity claims would fail because he has not adequately pled municipal liability. As the United States Supreme Court established in *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[63] Otherwise, a plaintiff cannot assert a

---

[59] *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (per curiam) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks omitted)).
[60] *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010).
[61] *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam)).
[62] *See* Opp'n 12–13.
[63] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

§ 1983 official-capacity claim against an individual defendant for deprivation of constitutional rights.[64]

Accordingly, "[t]o establish municipal liability under § 1983, a plaintiff "must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[65] A "§ 1983 municipal liability claim must include factual allegations that a particular municipal custom or policy was the moving force behind the constitutional injury in order to withstand a Rule 12(b)(6) dismissal."[66] Here, the Amended Complaint asserts the § 1983 claims "against Defendants, in their individual and official capacities," yet Mr. Morris does not identify a custom or policy for § 1983 purposes.[67] Consequently, the official-capacity claims must be dismissed for failure to plausibly state a claim for relief under municipal liability.

In sum, Mr. Morris's federal claims fail because Defendants are not state actors. Moreover, Mr. Morris has not met his burden to overcome the qualified immunity defense or to plead municipal liability. Therefore, the court dismisses the federal claims for failure "to state a claim to relief that is plausible on its face."[68]

## II.     State Claims

"The Tenth Circuit has explained that 'when all federal claims have been dismissed, the court may, and usually should, decline to exercise [supplemental] jurisdiction over any

---

[64] *See Moss*, 559 F.3d at 1168.
[65] *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).
[66] *Soto ex rel. Jimenez v. Bd. of Cnty. Comm'rs*, 748 F. App'x 790, 794 (10th Cir. 2018).
[67] Am. Compl. 2.
[68] *Abdi*, 942 F.3d at 1025 (citation omitted).

remaining state claims."[69] However, while "notions of comity and federalism demand that a state court try its own lawsuits," a district court may exercise its discretion to retain state law claims when, "given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction."[70]

Here, such considerations do not support supplemental jurisdiction over the state law claims. Trial is not imminent, and the work the parties have done and the progress made in this case will not be lost if this matter moves to state court. Therefore, the court sees no prejudice in dismissing the remaining state claims and no reason why "judicial economy, convenience, and fairness would be served by retaining jurisdiction."[71] Certainly, Mr. Morris has provided none. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claims.

**ORDER**

Accordingly, the court GRANTS Defendants' Motion to Dismiss.[72] Mr. Morris's Amended Complaint is DISMISSED WITHOUT PREJUDICE.

Signed July 27, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[69] *Reyes v. N.A.R. Inc.*, 546 F. Supp. 3d 1031, 1042 (D. Utah 2021) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); 28 U.S.C. § 1367(c)(3). *See also Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (holding that a district court abused its discretion by exercising supplemental jurisdiction over state law claims when the Plaintiff's § 1983 claims were properly dismissed).

[70] *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[71] *Thatcher Enters.*, 902 F.2d at 1478.

[72] ECF No. 21.